IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Insurance King Agency, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. _____ |
| v. | ) | |
| | ) | |
| Accurate Insurance Services, Inc., and Michael Zubi, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT; <u>AND COMMON LAW TRADEMARK INFRINGEMENT</u>

Plaintiff, Insurance King Agency, Inc. ("Insurance King"), by its attorneys, McGreevy Manning, P.C., for its Complaint against Accurate Insurance Services, Inc. ("Accurate") and Michael Zubi ("Zubi") alleges as follows:

### NATURE OF THE ACTION

1.     Insurance King brings this action to protect its "Insurance King" Trademark ("the Mark") and Insurance King's use of the words "King of Insurance" (together "the Marks") in connection therewith. Accurate and its President, Zubi, who are direct competitors of Insurance King, are using the Mark or Marks in commerce as a source identifier of auto insurance agency services which are the same or substantially the same as Insurance King. Defendants are using the Marks as part of a Pay Per Click ("PPC") internet campaign and include the use of the Marks as search keywords and the Marks are being used in the text of sponsored ads on the Internet. Defendants' unauthorized and infringing use of Insurance King's Marks is likely to cause confusion, harm the public, and damage Insurance King's valuable rights.

1

2.  Therefore, to address these concerns, Insurance King brings this civil action seeking damages and injunctive relief for willful trademark infringement and unfair competition under the laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (the Lanham Act), Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.*, and Illinois common law.

## THE PARTIES

3.  Insurance King is an Illinois corporation with its principal place of business located in Rockford, Illinois.

4.  Upon information and belief, Defendant Accurate Insurance Services, Inc., is an Illinois corporation with its principal place of business at 9115 S. Harlem Avenue, Bridgeview, Illinois 60455.

5.  Upon information and belief, Defendant Michael Zubi is the owner of Accurate and has at all times directed and controlled the complained of activities by Accurate. Upon information and belief, Defendant Zubi resides in the state of Illinois.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over Insurance King's claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338, and 1367. Insurance King's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* This Court has supplemental jurisdiction over Insurance King's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside within this District, because the Defendants are subject to the Court's personal jurisdiction with respect to this action, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

2

## ALLEGATIONS

### I.    INSURANCE KING TRADEMARKS

8.      Insurance King is one of the fastest growing auto insurance agencies in the Country and enjoys a strong online presence in addition to having established its brand in multiple states through direct mailers, billboards, social media, radio and TV advertising.

9.      Insurance King is the exclusive holder of all rights in and to the Mark "Insurance King" used to identify the source of its auto agency services since at least April 1, 2000. Insurance King has registered the Mark with the USPTO as both a standard character mark and as a part of a design mark (Reg. No. 4,628,341 and 4,628,343). Therefore, Insurance King has exclusive rights to use the Mark in commerce not only in Illinois but also in interstate commerce.

10.      In addition to the Mark "Insurance King" the USPTO has determined that words "King of Insurance" are likewise protected. The following language is taken from an Office Action issued in connection with another competitor's application on November 21, 2019:

> With respect to U.S. Registration Nos. 4628341 and 4628343, the examining attorney finds that the terms INSURANCE KING in the respective marks have the same commercial impression as the terms KING OF INSURANCE in the applicant's mark. The marks are essentially phonetic equivalents and thus sound similar. The marks are legally equivalent because they both serve the same impression to consumers. The same way a book of stories is a "story book, the King of Insurance is the Insurance King. **Slight differences in the sound of similar marks will not avoid a likelihood of confusion.** In re Energy Telecomm. & Elec. Ass'n, 222 USPQ 350, 351 (TTAB 1983); see In re Viterra Inc., 671 F3d 1358, 1367, 101 USPQ2d 1905, 1912 (Fed. Cir. 2012).
>
> The design in 4628343 does not render the marks different. The word portions of the marks are nearly identical in appearance, sound, connotation, and commercial impression; therefore, the addition of a design element does not obviate the similarity of the marks in this case. See In re Shell Oil Co., 992 F.2d 1204, 1206, 26 USPQ2d 1687, 1688 (Fed. Cir. 1993); TMEP §1207.01 (c)(ii).
>
> **Because the terms INSURANCE KING and KING OF INSURANCE are legally equivalent, the examining attorney finds that the marks are overall confusingly similar and impart a similar commercial impression.**

3

*In the second step of the analysis, the examining attorney finds that the applicant's services and the registrant services are the same.* Both the applicant and the registrant provide insurance. Where the goods and/or services of an applicant and registrant are identical or virtually identical, the degree of similarity between the marks required to support a finding that confusion is likely declines.  See Cai v. Diamond Hong, Inc., ___F.3d ___, 127 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting In re Viterra Inc., 671 F.3d 1358, 1363, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012)); TMEP §1207.01(b).

*Because the marks are legally equivalent and the services are the same, the examining attorney refuses registration of the mark under Section 2(d) of the Trademark Act.* Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq.

11.     As a result Insurance King enjoys trademark rights in the Marks "Insurance King" and "King of Insurance."

## II.     DEFENDANTS WRONGFUL ACTS

12.     Defendant's Accurate and Zubi are direct competitors of Insurance King. In connection with their web-based advertising PPC ad campaigns, Defendants are using the words "Insurance King" and "King of Insurance" as keywords, which, when typed into an internet search by consumers, an advertisement for Accurate Insurance is included in the search results. The words "King of Insurance" appear prominently in the text of Accurate's advertisement, as follows:

4



13.    Conversely, when consumers type "Accurate Insurance" as the internet search, the PPC advertisement for Accurate appears but with no reference to "Insurance King" or "King of Insurance." In other words, Defendants are intentionally using "Insurance King" and/or "King of Insurance" to drive consumers to Accurate with specific references to "King of Insurance." Thus, Defendants are intentionally causing confusion.  A screen shot of the foregoing is as follows:



14.    Defendants' intentional conduct in causing confusion is further established by Defendants' 2017 explicit use of the Mark "Insurance King" which was only halted after Plaintiff's cease and desist demands. In addition, intentional conduct is established by Defendants' use of other competitors' trade names in Defendants' PPC ad campaigns, including the use of the words "Insurance Navy" in an Accurate PPC ad to confuse customers with a competitor known as "Insurance Navy," as follows:

6



15.     Defendant Zubi personally directs and controls Accurate's infringement and Zubi willfully and knowingly causes Accurate to infringe on the Marks.

16.     The result of the foregoing is that consumers who are explicitly looking for Insurance King are directed to Defendants' ads, which by the use of the words "King of Insurance," purport to be an advertisement for Insurance King but at minimum creates confusion.

17.     The following are true and correct reproductions of screen shots of Defendants' web ad pages with the protected Marks:



8

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

18.     Insurance King realleges the allegations of the preceding paragraphs as if fully set forth herein.

19.     Defendants' acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

20.     Upon information and belief, Defendants adopted and use the "Insurance King" and "King of Insurance" Marks with full knowledge of, and in willful disregard of Insurance King's rights in its Marks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. §1117.

21.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

22.     Insurance King has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

23.     Defendants' acts also are greatly and irreparably damaging to Insurance King and will continue to damage Insurance King unless enjoined by the Court such that Insurance King is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition

24.     Insurance King realleges the allegations of the preceding paragraphs as if fully set forth herein.

9

25. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Insurance King, or as to the origin, sponsorship, or approval of Defendants' goods. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125 (a)(1)(A).

26. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

27. Insurance King has been, and will continue to be damaged by Defendants' infringement in an amount to be determined at trial.

28. Defendants' acts also are greatly and irreparably damaging to Insurance King and will continue to damage Insurance King unless enjoined by the Court such that Insurance King is without an adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Deceptive Trade Practices Pursuant to 815 ILCS §§ 501/1, *et seq.*

29. Insurance King realleges the allegations of the preceding paragraphs as if fully set forth herein.

30. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products with Insurance King's products; and using deceptive representations or designations of origin in connection with Defendants' products.

31. The unauthorized use by Defendants of Insurance King's Marks is causing and is likely to cause substantial injury to the public and to Insurance King, and Insurance King has no

adequate remedy at law for this injury. Insurance King is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

### FOURTH CLAIM FOR RELIEF
### Common Law Unfair Competition

32.     Insurance King realleges the allegations of the preceding paragraphs as if fully set forth herein.

33.     Defendants' acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

34.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

35.     Defendants' acts are greatly and irreparably damaging to Insurance King and will continue to damage Insurance King unless enjoined by the Court such that Insurance King is without an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Insurance King requests that this Court:

1.     Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 114, 1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2.     Issue a preliminary and permanent injunction enjoining and restraining Defendants and their officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to

11

Insurance King's Trademarks, including the words "Insurance King" and "King of Insurance" or any other trademarks owned by Insurance King;

3.    Order Defendants to account to Insurance King all profits wrongfully derived by their unlawful conduct and to pay to Insurance King:

    a.    All monetary actual and/or statutory damages sustained and to be sustained by Insurance King as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

    b.    All profits, gains, and advantages obtained by Defendants from their unlawful conduct;

    c.    Exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

    d.    Pre-judgment interest on all damages; and

    e.    Insurance King's costs and disbursements in this action, including its reasonable attorney's fees;

4.    Direct that Defendants file with this Court and serve on counsel for Insurance King within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

5.    Order any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Insurance King Agency, Inc., respectfully demands a trial by jury of all issues so triable by a jury.

Date:    January 21, 2020
Rockford, Illinois

12

Insurance King Agency, Inc.,
Plaintiff

BY:     McGreevy Manning, P.C.

BY: /s/ Donald Q. Manning
    One of Its Attorneys


Donald Q. Manning, ARDC #6194638
McGreevy Manning, P.C.
6735 Vistagreen Way
Rockford, IL 61107
(815) 639-3700
(815) 639-9400 (fax)

13

## CERTIFICATE OF LAWYER AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

1.      On January 21, 2020, Complaint was electronically filed with the District Court Clerk via CM/ECF filing system.

2.      Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned further certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter as of this date, in that Notices of Lawsuit and Request to Waive Service of a Summons have been issued pursuant to Rule 4(d)(1).

14