**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | | |
|---|---|---|---|
| INSURANCE KING AGENCY, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No.: | 3:20-cv-50023 |
| | ) | | |
| v. | ) | Honorable Thomas M. Durkin | |
| | ) | | |
| ACCURATE INSURANCE SERVICES, INC., and MICHAEL ZUBI, | ) | | |
| | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**ACCURATE INSURANCE SERVICES, INC.'s MOTION TO DISMISS**

Defendant Accurate Insurance Services, Inc., by its counsel, submits this memorandum of law in support of its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. Pro.12(b)(6) and Fed. R. Civ. Pro. 9(b). In support of its Motion, Defendant states as follows:

On January 21, 2020, Insurance King Agency, Inc., ("Insurance King" or "Plaintiff"), filed an original complaint against Michael Zubi, individually, ("Zubi"), and Accurate Insurance Services, Inc., an Illinois corporation ("Accurate"). It was alleged that Accurate and Zubi violated Plaintiff's trademark rights to "Insurance King" and "King of Insurance," collectively referred to in the complaint as the "Marks." The defendants are also alleged to have violated federal and Illinois unfair competition laws, and Illinois Deceptive Trade Practices Act.

After several postponements by the Court in response to the COVID-19 Pandemic, Accurate timely filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Instead of a response to the motion, Plaintiff, on August 12, 2020, elected to file an amendment to the complaint.

The material factual allegations and prayers for relief in the First Amended Complaint (the "Amended Complaint") are substantially unchanged from the original. To that end, Accurate again files this current motion to dismiss the Amended Complaint.

## STATEMENT OF FACTS

There is more content to Plaintiff's Amended Complaint than is in the original. However, the new content appears mostly incoherent and is not readily clear how it relates to the relief being sought. Putting aside the extraneous content, the material allegations in the Amended Complaint, like in the original, alleges violations of federal trademark and unfair competition laws in addition to violations of Illinois trademark and deceptive trade practices laws.

Specifically, Plaintiff alleges that it owns the mark "Insurance King . . . as both a standard character mark and as a part of a design mark (Reg No. 4,628,341 and 4,628,343)." As such, Plaintiff alleges that the federal registrations give it "exclusive rights to use [Insurance King] not only in Illinois but also in interstate commerce." *See* Compl. at ¶¶16. The Complaint does not stop there. It also alleges "trademark rights in the . . . . King of Insurance." *See* Compl. at ¶ 17. Plaintiff alleges that it has rights to the mark "King of Insurance" based on an Office Action issued on November 21, 2019 by the United States Patent and Trademark Office (USPTO), which is excerpted into the Complaint. *Id*.

In that November 2019 Office Action, the USPTO denied the right of an applicant to trademark "king of insurance," fearing it could cause confusion with the mark of Insurance King. *Id at ¶17*. The applicant in the Office Action is unrelated to the parties in the pending matter. The Office Action indicates that the term "King of Insurance" has the same commercial impression as the term "Insurance King." *See* Compl. at ¶17. In light of this determination, Plaintiff concludes

that "Insurance King enjoys trademark rights in the Marks "Insurance King" and "King of Insurance."" *See* Compl. at ¶ 18.

The most salient parts of the Amended Complaint allege that Accurate "is using the Marks as part of a Pay Per Click ("PPC") internet campaign [that] include the use of the Marks as search keywords and the Marks are being used in the text of sponsored ads on the Internet." *See Amended Compl.* at ¶¶ 3, 14 and 19-22. It is alleged that the online advertisings of Accurate "at minimum creates confusion." Id at 23. Plaintiff alleges one instance of such confusion by its customers. That customer claimed he came across an ad for Accurate that says King of Insurance. He allegedly bought a policy from Accurate thinking that he was buying from Insurance King. *See Amended Compl.* at ¶¶ 3, 14 and 19-22. As a result, Accurate and Zubi are alleged to have violated the Marks under both federal and certain Illinois laws. Id at ¶3.

## ARGUMENT

### I. Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, the court should accept as true all well-pleaded facts in the plaintiff's complaint and draw only reasonable inferences from those facts in the plaintiff's favor. *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). In order to survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of a claim's basis and be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet the burden of facial plausibility, the plaintiff must plead <u>factual content</u> that allows the court to draw the reasonable inference that the defendant in question is liable for the alleged action(s). *Iqbal*, 556 U.S. at 678 (emphasis added). Finally, a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) does not challenge the merits of the complaint, but rather its sufficiency. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520

(7th Cir. 1990). In this instance, Plaintiff has failed to meet the sufficiency threshold showing that it enjoyed trademark rights in the term "King of Insurance." Thus, Count I of Plaintiff's Complaint alleging Federal Trademark Infringement should be dismissed.

Under Federal Rule of Civil Procedure 9(b), in all allegations sounding in fraud or mistake, a plaintiff must plead with specificity the who, what, where, and when of the alleged fraud or mistake. Fed. R. Civ. P. 9(b); *Fidelity Nat. Title Ins. Co. of New York v. Intercountry Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). Allegations stated on information and belief are inadequate to support a fraud claim unless the facts are inaccessible to the plaintiff. *Control Solutions, LLC v. Oshkosh Corp.,* 2011 U.S. Dist. LEXIS 32894, *5 (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992). If the facts are inaccessible to the plaintiff, the complaint must state a basis for the plaintiff's suspicion. *Id.* In this instance, Count II of Plaintiff's Amended Complaint fails to meet the pleading standard of Rule 9(b) because it fails to allege with particularity the who, what, where and when of the allegations.

**II.     Plaintiff's Claim of Federal Trademark Infringement Should be Dismissed Under Rule 12(b)(6) as Plaintiff Failed to Plead Facts Sufficient to Establish a Trademark Right to the term "King of Insurance"**

Pursuant to 15 U.S.C. §1114(a):

(**1**) Any person who shall, without the consent of the registrant—
(**a**) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a **registered mark** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive…
shall be liable in a civil action by the registrant for the remedies hereinafter provided.

Although most of the newly added content to the Amended Complaint appears extraneous, incoherent, and unrelated to the prayers for relief, the salient parts of the claim of trademark infringement that can be discerned appears to rest on a shaky foundation, filled with confusing and

conclusory allegations. The Amended Complaint alleges that Accurate infringed on Plaintiff's marks based, in part, on the use of "King of Insurance." *See e.g.*, Amended Compl. at ¶¶ 3, 11, 12, 18 and 20. However, Plaintiff fails to plead facts sufficient to establish it has the right to claim "King of Insurance" as part of its Marks.

The Complaint relies heavily on an unrelated USPTO Action to support Plaintiff's claim to enjoy trademark rights in the phrase "King of Insurance" in addition to its registered mark, "Insurance King". *See* Amended Compl. at ¶¶ 17-18. However, this USPTO Office Action fails to establish the requisite facts needed to make out a claim for federal trademark infringement pursuant to 15 U.S.C. §1114. At the pleading stage, the Amended Complaint must offer facts showing Plaintiff has a right to proceed with this suit. At minimum this Complaint has failed to do that.

Furthermore, USPTO Actions are not binding precedent and are entitled to little weight, if any. *Carter–Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970); *see also Progressive Distribution Servs., Inc. v. United Parcel Serv., Inc.*, 856 F.3d 416, 426 (6th Cir. 2017) ("a trademark examining attorney's opinion is not entitled to a procedural presumption or a reasonable inference drawn in its favor in circumstances when the U.S.P.T.O. fails to consider the same evidence that is subsequently placed in front of the district court"); *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 220–21 (3d Cir. 2000) (endorsing the Ninth Circuit's approach, and noting that a USPTO determination "need not be given weight when the [U.S.]P.T.O. attorney did not review all the evidence available to the District Court").

In this instance, Plaintiff alleges that Accurate infringed its marks based on its alleged former use of "Insurance King" and use of the term "King of Insurance" in its PPC advertising campaign. *See e.g.*, Amended Compl. at ¶¶ 9, 11 However, Plaintiff's Complaint fails to allege

the requisite facts needed to establish a right to the mark "King of Insurance." Rather, Plaintiff improperly concludes that it has a right to the mark "King of Insurance" based on the finding from an examining attorney that the term "King of Insurance" has the same commercial impression as the term "Insurance King." This may be correct in the abstract, but Plaintiff needs to particularize the situation to its case. As it stands, the claims in the Amended Complaint are insufficient to establish Plaintiff has right a trademark right in the term "King of Insurance," making it impossible to infringe a trademark not belonging to the Plaintiff. As such, Plaintiff's Complaint should be dismissed.

### III. Plaintiff's Claim of Federal Unfair Competition Should be Dismissed Because Plaintiff Failed to Meet the Pleading Standard Under Rule 9(b) and Fails to Allege Damages

Count II of the Amended Complaint is brought under the Lanham Act alleging federal unfair competition. Under the Act:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin sponsorship, or approval of his or her goods, services, or commercial activities by another person, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

15 U.S.C. § 1125(a). A fraud-based allegation may be dismissed if it fails to allege the who, what, where and when of the allegations. *See Control Solutions, LLC v. Oshkosh Corp.,* 2011 U.S. Dist. LEXIS 32894, *5. Here, Count II of Plaintiff's Complaint alleges unfair competition, alleging that Defendant's acts are likely deceptive. When a claim for unfair competition relies on deceptive conduct, the claim must satisfy the heighted pleading standard of Rule 9(b). *See Hart v.*

*Amazon.com, Inc.,* 191 F. Supp. 3d 809, 822 (N.D. Ill. 2016). Under those standards, Plaintiff fails to allege that Accurate engaged in deceptive or unfair acts.

While Plaintiff alleges "Defendants acts are likely to cause confusion or mistake" (See Compl. at ¶ 26), Plaintiff fails to specify who is likely to be confused or how the unspecified "they" could be confused by Plaintiff's alleged willful acts. Plaintiff's incoherent allegation regarding an individual who allegedly purchased an Accurate insurance policy does nothing to support its conclusory allegation. On the one hand, Plaintiff alleges that Accurate no longer uses the term "Insurance King" in its PPC advertising campaign. (See Compl. at ¶¶ 11-12). Yet, Plaintiff then claims that an individual inadvertently contacted Accurate Insurance after he saw an Accurate ad on the internet. (See Compl. at ¶ 14). Thus, the fact that an unspecified Google search could potentially lead and individual to Accurate's website is does nothing to support a claim for unfair competition.

Importantly, as Plaintiff has not even established a trademark right in "King of Insurance," it is further unclear how Accurate's use of the term has the possibility of causing confusion. As the allegations are devoid of facts sufficient to establish a trademark right in "King of Insurance," they certainly cannot meet the heightened pleading standard of Rule 9(b) for unfair competition.

Although the Complaint alleges Insurance King has been damaged by Defendants' infringement, it is devoid of any specific instances of confusion resulting from Accurate's alleged infringement.

**IV.** **The Complaint Fails to State A Claim Under IDTPA or Meet the Heightened Pleading Standard Required Under Illinois Law**

Under the set of facts alleged in the Complaint, Plaintiff seeks to hold Accurate Insurance liable for deceptive trade practices and common law trademark infringement under Illinois Law, commonly known as the Illinois Deceptive Trade Practices Act, or IDTPA. Similar to the federal

rule, a plaintiff relying on a deceptive conduct claim must allege the deceptive conduct with particularity. *Hart v. Amazon.com, Inc*., 191 F. Supp. 3d 809, 823. Here, Plaintiff has failed to allege with sufficient particularity that Accurate Insurance engaged in a deceptive act.

The term "likelihood of confusion" under the IDTPA has the same meaning as it does in federal trademark actions and exists "when the defendant's use of a deceptive trade name, trademark, or other distinctive symbol is likely to confuse or mislead consumers as to the source or origin of the product or service." *ATC Healthcare Servs*., 192 F.Supp.3d at 953 (citation omitted); see also *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co*., No. 16 C 09179, 2017 WL 1436965, at *3 (N.D. Ill. Apr. 24, 2017) ("courts have found that '[c]laims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act.'") (citation omitted).

Under the IDTPA, Plaintiffs must show that Accurate engaged in one of the types of deceptive conduct enumerated in the statute. See 815 ILCS 510/2(a). Plaintiff must also allege alleges "facts which would indicate that he is likely to be damaged in the future." *Reid v. Unilever U.S., Inc*., 964 F. Supp. 2d 893, 918 (N.D. Ill. 2013); *Vincent v. City Coll. of Chicago*, 485 F.3d 919, 925 (7th Cir. 2007) (IDTPA "authorizes only prospective relief"). Here, Plaintiff has failed to establish its right in the mark "king of insurance," therefore rendering it impossible to specify how Accurate engaged in deceptive conduct and how Plaintiff or a consumer could possibly be damaged by this conduct. As such, Plaintiff's claims under Illinois law should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should grant the Defendant Accurate Insurance Services, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) and Fed. R. Civ. P. 9(b).

Dated this 31th day of August 2020.

Respectfully submitted,

JOHNS LAW, LLC

By:  */s/ Frank A. Johns*
Frank A. Johns
JOHNS LAW, LLC
444 W. Lake Street, Suite 1700
Chicago, Illinois 60606
fjohns@johns-law.com

and

NIELSEN, ZEHE & ANTAS, P.C.

By:  */s/ Lindsay E. Dansdill*
Lindsay E. Dansdill
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
ldansdill@nzalaw.com
***Attorneys for Plaintiff***