**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

INSURANCE KING          )
AGENCY, INC.,           )
           Plaintiff,     )    Case No.:    3:20-cv-50023
                    )
           v.         )    Honorable Thomas M. Durkin
                    )
ACCURATE INSURANCE SERVICES,  )
INC., and MICHAEL ZUBI,       )
                    )
          Defendants.     )

---

## MEMORANDUM IN SUPPORT OF DEFENDANT
## MICHAEL ZUBI'S 12(b)(6) MOTION TO DISMISS

On January 21, 2020, Insurance King Agency, Inc., ("Insurance King" or "Plaintiff"), filed an original complaint against Michael Zubi, individually, ("Zubi"), and Accurate Insurance Services, Inc., an Illinois corporation ("Accurate"). It was alleged that Accurate and Zubi violated Plaintiff's trademark rights to "Insurance King" and "King of Insurance," collectively referred to in the complaint as the "Marks." The defendants are also alleged to have violated federal and Illinois unfair competition laws, and Illinois Deceptive Trade Practices Act.

After several postponements by the Court in response to the COVID-19 Pandemic, Zubi and Accurate both timely filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). Instead of a response to the Motions, Plaintiff, on August 12, 2020, elected to file an amendment to the complaint.

The material factual allegations and prayers for relief in the Amended Complaint are substantially unchanged from the original. To that end, Zubi again files this current motion to

1

dismiss the Amended Complaint because it, like the original, has failed to make the special showing required to hold Zubi individually responsible for the imagined acts of Accurate.

This memorandum is supports Zubi's dismissal motion, and requests that this court enter an order dismissing Plaintiff's complaint or dismissing it against Zubi.

## STATEMENT OF FACTS

There is more content to Plaintiff's Amended Complaint than is in the original. However, the new content appears mostly incoherent and is not readily clear how it relates to the relief being sought. Putting aside the extraneous content, the material allegations in the Amended Complaint, like in the original, appears to be that Plaintiff claims ownership of the trademarks "Insurance King" and "King of Insurance." *See Amended Compl.* at ¶ 3. Plaintiff, it is alleged, has used Insurance King to identify its insurance agency since 2000, and that it registered with the United States Patent and Trademark Office (the "USPTO") as both a standard character mark and as a design mark. *Id at ¶16.* Plaintiff also alleges that it has exclusive trademark rights to use King of Insurance in relation to its business. *Id*. The Complaint alleges that its right to the King of Insurance was established in a November 21, 2019 Office Action by the USPTO.

In that November 2019 Office Action, the USPTO denied the right of an applicant to trademark "king of insurance," fearing it could cause confusion with the mark of Insurance King. *Id at ¶17.* The applicant in the Office Action is unrelated to the parties in the pending matter. Plaintiff alleges that based on the determination of the Office Action, its trademark rights in Insurance King extends to and protects its right to use of King of Insurance. *Id*. No further allegations are made in the Amended Complaint to support Plaintiff exclusive rights to the King of Insurance phrase.

The most salient parts of the Amended Complaint allege that Accurate "is using the Marks as part of a Pay Per Click ("PPC") internet campaign [that] include the use of the Marks as search keywords and the Marks are being used in the text of sponsored ads on the Internet." *See Amended Compl.* at ¶¶¶ 3, 14 and 19-22. It is alleged that the online advertisings of Accurate "at minimum creates confusion." Id at 23. Plaintiff alleges one instance of such confusion by its customers. That customer claimed he came across an ad for Accurate that says King of Insurance. He allegedly bought a policy from Accurate thinking that he was buying from Insurance King. *See Amended Compl.* at ¶¶¶ 3, 14 and 19-22. As a result, Accurate and Zubi are alleged to have violated the Marks under both federal and certain Illinois laws. Id at ¶3.

The Amended Complaint also alleges that as the person who owns and controls Accurate, the violation of the Marks could not have occurred without Zubi's knowledge, participation and approval. *See Amended Compl.* at ¶24. The Amended Complaint contains no apparent material allegations as to specific conduct by Zubi that would make him personally liable under Plaintiff's theories of recovery.

<u>**ARGUMENT**</u>

**I.      Legal Standard.**

When considering a Rule 12(b)(6) motion to dismiss, the court should accept as true all well-pleaded facts in the plaintiff's complaint and draw only reasonable inferences from those facts in the plaintiff's favor. *Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). In order to survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of a claim's basis and be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet the burden of facial plausibility, the plaintiff must plead <u>factual content</u> that allows the court to draw the reasonable inference that

the defendant in question is liable for the alleged action(s). *Iqbal*, 556 U.S. at 678 (emphasis added). Finally, a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) does not challenge the merits of the complaint, but rather its sufficiency. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). As it pertains to Zubi, Plaintiff has failed to meet this sufficiency threshold. Thus, Zubi should be dismissed as a named defendant in the present action.

## II.     Plaintiff Fails to Plead Sufficient and Specific Facts Needed to Hold Zubi Personally Liable for Defendant Accurate's Alleged Trademark Infringement.

In the Seventh Circuit, an individual officer of a corporation cannot be held liable for trademark infringement without "a special showing" by the complaint stating that: (1) the individual "personally participated in the manufacture or sale of the infringing article;" (2) the individual "used the corporation as an instrument to carry out [the individual's] own willful and deliberate infringements;" or (3) the individual "used the corporation as an instrument to avoid personal liability." *Top Tobacco, L.P. v. Midwestern Cash and Carry, LLC*, No. 11 C 4460, 2014 WL 243431, at *5 (N.D. Ill. Jan. 22, 2014) (citing *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926)).

Special showings require more than bare assertions of an individual's job title and conclusory statements. Simply being an officer for the corporation at issue does not confer liability on an individual. *DEV Indus., Inc. v. Rockwell Graphic Sys., Inc.*, No. 91 C 7197, 1992 WL 100908, at *3 (N.D. Ill. May 4, 1992). Vague allegations and conclusory assertions "run afoul of Plaintiff's obligation to adumbrate a claim with some supporting facts." *Drink Grp., Inc. v. Gulfstream Commc'ns, Inc.*, 7 F. Supp. 2d 1009, 1011 (N.D. Ill. 1998). Even by 12(b)(6)'s rather liberal standard, a complaint filled with conclusory allegations unsupported by any factual assertions will be dismissed. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996).

For example, language alleging someone engaged in a "complex and integrated scheme" or that an individual was the "moving, conscious, and dominant force" is insufficiently indefinite and completely failed to identify any specific activity. *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 858 (N.D. Ill. 2009) (citing *DEV Indus., Inc.*, 1992 WL 100908, at *3). In its Amended Complaint, Plaintiff speculated that Zubi must have participated and approved the offending activities because he owns and controls Accurate. Even when viewing these allegations in Plaintiff's favor, the allegations pertaining to Zubi's control, participation and knowledge of the offending acts are conclusory statements with no supporting facts. Like *C.S.B.*, this language fails to identify any specific activity that Zubi did that would warrant subjecting him to personal liability for the alleged conduct of Accurate.

Without the necessary factual support, there is nothing from which the court can draw reasonable inferences to establish facial plausibility, which is a hallmark of 12(b)(6). Without any factual support, Plaintiff has not made the special showing required to attach liability to Defendant Zubi.

Furthermore, the Amended Complaint has not sufficiently pled that it owns or has trademark rights to King of Insurance. Therefore, there were no alleged King of Insurance Mark for Zubi to have infringed.

### III. The Complaint Does Not Allege Sufficient Facts to Establish the State of Mind Requirement to Make Out a Claim Against Zubi Individually.

One of the ways a plaintiff can make a special showing is to offer facts showing that the infringer acted with knowledge that his or her conduct is an infringement, or that the infringer acted in reckless disregard of the rights of the intellectual property owner. *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). Thus, in order to demonstrate willfulness, the plaintiff must make a showing regarding Zubi's state of mind. *Microsoft Corp. v.*

*V3 Sols., Inc.*, No. 01 C 4693, 2003 WL 22038593, at *14 (N.D. Ill. Aug. 28, 2003). The Amended Complaint makes no such allegations. Rather, it offers mostly conclusory language devoid of facts that would allow the court to draw inferences that could establish that Zubi had a willful state of mind in the alleged infringement of Insurance King's Marks.

It is alleged that a customer was confused about whether he was dealing with Insurance King or Accurate. However, there are no allegations as to Zubi's role in causing the confusion other than generalized statement that he controls and own the company.

**IV. Similarly, the Complaint Does Not Allege Sufficient Facts Needed to Make Out a Claim Against Zubi Personally for Claims Under Illinois Law.**

Under the set of facts alleged in the Complaint, Plaintiff seeks to hold Zubi personally liable for deceptive trade practices and common law trademark infringement under Illinois law. Similar to the federal rule, Illinois courts have repeatedly held that an individual defendant cannot be held liable for the corporate defendant's state law torts simply by virtue of his status as an officer. *McDonald v. Frontier Lanes, Inc.*, 1 Ill. App. 3d 345, 357 (1971); *Miller v. Simon*, 100 Ill. App. 2d 6, 9 (1968); *Lowell Hoit & Co. v. Detig*, 320 Ill. App. 179, 183 (1943). For liability to attach to a corporate officer, the Plaintiff must show that the individual defendant actively participated in the allegedly wrongful acts. *See, e.g.*, *Nat'l Acceptance Co. of Am. V. Pintura Corp.*, 94 Ill. App. 3d 703, 706 (2d Dist. 1981). The tried-and-true rule in Illinois is that conclusory statements of fact are insufficient to survive a motion to dismiss. *Fitch v. McDermott, Will & Emery, LLP*, 401 Ill. App. 3d 1006, 1028–29 (2010); *Pooh–Bah Enterprises, Inc. v. County of Cook*, 232 Ill.2d 463, 473 (2009). As argued above, the portions of the Complaint pertaining to Defendant Zubi are conclusory statements and are devoid of facts required to state a claim personally against Zubi and to survive a motion to dismiss.

**CONCLUSION**

For the foregoing reasons, this Court should grant the Defendant Zubi's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6).

Dated this 31st day of August, 2020.

Respectfully submitted,

JOHNS LAW, LLC

By:     */s/ Frank A. Johns*
      Frank A. Johns
      JOHNS LAW, LLC
      444 W. Lake Street, Suite 1700
      Chicago, Illinois 60606
      fjohns@johns-law.com

and

NIELSEN, ZEHE & ANTAS, P.C.

By:     */s/ Lindsay E. Dansdill*
      Lindsay E. Dansdill
      NIELSEN, ZEHE & ANTAS, P.C.
      55 W. Monroe Street, Suite 1800
      Chicago, Illinois 60603
      ldansdill@nzalaw.com
      ***Attorneys for Plaintiff***